IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **NICOLE JOHNSON,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:12-CV-3542-L** |
| | § | |
| **DEUTSCHE BANK NATIONAL TRUST** | § | |
| **COMPANY, AS TRUSTEE FOR** | § | |
| **MORGAN STANLEY HOME EQUITY** | § | |
| **LOAN TRUST 2007-1,** *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff's Motion for New Trial and Reconsideration (Doc. 34), filed July 31, 2013. After carefully considering the motion, record, and applicable law, the court **denies** Plaintiff's Motion for New Trial and Reconsideration (Doc. 34).

### I.  Standard Applicable to Rule 59(e) Motions

The court construes Plaintiff's motion as one for reconsideration pursuant to Federal Rule of Civil Procedure 59(e). A motion to alter or amend the judgment under Rule 59(e) "calls into question the correctness of a judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (citation omitted). Such motion "must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Marseilles Homeowners Condominium Ass'n Inc. v. Fidelity Nat'l Ins. Co.*, 542 F.3d 1053, 1058 (5th Cir. 2008) (citation omitted). It may not be used to relitigate issues that were resolved to the movant's dissatisfaction. *Forsythe v. Saudi Arabian Airlines Corp.*, 885 F.2d 285, 289 (5th Cir. 1989). A Rule 59(e) motion may not raise arguments

or present evidence that could have been raised prior to entry of judgment. *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990) (citation omitted). When considering a Rule 59(e) motion to reconsider, a court may not grant such a motion unless the movant establishes: "(1) the facts discovered are of such a nature that they would probably change the outcome; (2) the alleged facts are actually newly discovered and could not have been discovered earlier by proper diligence; and (3) the facts are not merely cumulative or impeaching." *Infusion Res., Inc. v. Minimed, Inc.*, 351 F.3d 688, 696-97 (5th Cir. 2003). "Relief under Rule 59(e) is also appropriate when there has been an intervening change in the controlling law." *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).

District courts have "considerable discretion in deciding whether to grant or deny a motion to alter a judgment." *Hale v. Townley*, 45 F.3d 914, 921 (5th Cir. 1995). In exercising this discretion, a district court must "strike the proper balance between the need for finality and the need to render just decisions on the basis of all the facts." *Id*. With this balance in mind, the Fifth Circuit has observed that Rule 59(e) "favor[s] the denial of motions to alter or amend a judgment." *Southern Constructors Grp., Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993). Stated another way, "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet*, 367 F.3d at 479.

**II.   Discussion**

This mortgage foreclosure case was referred to Magistrate Irma Carrillo Ramirez, who entered Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") on July 5, 2013, recommending that Defendants' Motion to Dismiss Plaintiff's First Amended Complaint (Doc. 12), filed November 30, 2012, be granted in its entirety as to all of

Plaintiff's claims unless the bankruptcy trustee intervened in the action within the 14 days permitted for filing objections. Plaintiff did not file objections to the Report, and the bankruptcy trustee did not intervene. After considering the pleadings, file, and record in this case, and the findings and conclusions of the magistrate judge, the court determined that the findings and conclusions of the magistrate judge were correct and accepted them as them as those of the court. On July 23, 2013, the court therefore granted Defendants' Motion to Dismiss Plaintiff's First Amended Complaint, dismissed with prejudice Plaintiff's claims against Defendants and this action, and entered a judgment in favor of Defendants.

In her motion for reconsideration, Plaintiff has not established a manifest error of fact or law and no newly discovered evidence has been presented. Plaintiff states in her motion that she objects to the Report entered by the magistrate judge but fails to explain why the arguments raised in her motion could not have been previously asserted in response to the Report within the time permitted for objections. Plaintiff therefore waived any objections to the Report. Further, to the extent that the arguments asserted now by the Plaintiff could have been but were not previously asserted, the court declines to consider them postjudgment. *Simon*, 891 F.2d at 1159. Accordingly, having determined that no manifest error of law or fact is present, and that no newly discovered evidence has been presented, the court determines that dismissal of Plaintiff's claims against Defendants and this action was appropriate.

### III.   Conclusion

For the reasons herein stated, the court **denies** Plaintiff's Motion for New Trial and Reconsideration (Doc. 34).

**It is so ordered** this 5th day of August, 2013.

                                                Sam A. Lindsay
                                                United States District Judge